IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LORENZO P. GARCIA,

    Plaintiff,

    v.                                                                                  No. CIV 15-00049-JCH-KK

FNU JARAMILLO, FNU DODDS,
FNU MAYERS, *all Employees of Cibola
County Detention Center*,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons set out below, Plaintiff's civil rights complaint will be dismissed in part. Plaintiff also has filed three motions for default judgment [Docs. 9, 10, 12] and two motions requesting a settlement conference. [Docs. 13, 16] The Court will deny these motions.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged,

1

and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants Dodds, Mayers, and Jaramillo, employees of the Cibola County Detention Center ("CCDC"), placed Plaintiff in solitary confinement for four months, even though he was a "model inmate" with zero infractions. [Doc. 8] The complaint further alleges that Plaintiff was deprived of his right to a jury trial and contact with his attorney. [Doc. 8] Plaintiff has filed several documents, which the Court liberally construes as amendments to the complaint, adding additional claims against additional defendants. [*See* Docs. 5, 7, 11, 14, 15] Specifically, Plaintiff alleges that he was sexually harassed by Sergeant Dixon, [Doc. 7] physically assaulted by other inmates at the direction of Officer Gonzales [Docs. 11, 14], subjected to "rude and disrespectful" remarks by Officer Trujillo, [Doc. 15] and deprived of a biopsy. [Doc. 15] Plaintiff seeks equitable relief and monetary damages. [Docs. 5, 8]

In Claim I of his complaint, Plaintiff alleges that he was deprived of his right to a jury trial because his "trial was held November 17th and [he was] forced not to be at it." [Doc. 8] Plaintiff's claim appears to call into question the constitutionality of the

2

judgment by which he is incarcerated.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  512 U.S. at 487.  The complaint does not allege that Plaintiff's conviction has been reversed or set aside and, therefore, his allegations are not cognizable under § 1983.  S*ee id.* at 486-87; *see also Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (holding that "[w]hen a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice" because a plaintiff who "is later successful in overturning his conviction, . . . should be allowed to bring his § 1983 action at that time").

In Claim II of his complaint, Plaintiff alleges that he has had a "lack of attorney or contact."  [Doc. 8]  To the extent that Plaintiff alleges a violation of his Sixth Amendment right to counsel, Plaintiff's claim is barred by *Heck v. Humphrey* because it necessarily implies the invalidity of his criminal conviction.  *See Pettit v. Whetsel*, No. 99–6107, 1999 WL 586998, at *2 (10th Cir. Aug. 5, 1999) (unpublished opinion) (affirming dismissal of Sixth Amendment claim under *Heck v. Humphrey*).

In letters to the Court, which the Court liberally construes as amendments to the complaint, Plaintiff alleges that he was verbally harassed by Defendants Dixon [*see* Doc. 7] and Trujillo [*see* Doc. 15].  Specifically, Plaintiff alleges that Defendant Dixon would "bang on my door and grab his groin area and ask me if I wanted a 'cock meat sandwich.'  He would then state 'suck my dick punk.'"  [Doc. 7]  Plaintiff further alleges that Defendant Trujillo would make "rude and disrespectful" remarks and would tell "all of us

3

that we 'are nothing.'"  [Doc. 15]  Verbal sexual harassment, although outrageous and unacceptable, does not violate an inmate's Eighth Amendment right to be free from cruel and unusual punishment.  *See Adkins v. Rodriguez*, 59 F.3d 1034, 1037 (10th Cir. 1995) (holding that the court "cannot infuse defendant's words of sexual harassment with the sort of violent or threats of violence cognizable in the conditions of confinement cases the court has addressed"); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 n.11 (10th Cir. 1998) ("Although plaintiffs allege that Mr. Pulsipher subjected them to severe verbal sexual harassment and intimidation, these acts of verbal harassment alone are not sufficient to state a claim under the Eighth Amendment.").  Mere words, without more, do not invade a federally protected right.  *See Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (holding that verbal harassment "is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983").  Accordingly, Plaintiff's verbal harassment claims against Defendants Dixon and Trujillo will be dismissed.

Additionally, in a letter to the Court, which the Court liberally construes as an amendment to the complaint, Plaintiff alleges that he needs "a biopsy A.S.A.P.," but "Cibola will not pay for a biopsy."  [Doc. 15]  The prohibition of cruel or unusual punishment in the Eighth Amendment of the United States' Constitution includes access to necessary medical care.  *See Ramos v. Lamm*, 639 F.2d 559, 566 (10th Cir. 1980).  In an action for damages or injunctive relief pursuant to 42 U.S.C. § 1983, "only 'deliberate indifference to serious medical needs' of prisoners violates the Eighth Amendment proscription against cruel and unusual punishment."  *Id.* at 575 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Deliberate indifference to serious medical

4

needs may be "manifested by . . . denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.  To articulate an Eighth Amendment cause of action premised on an allegation that a defendant was deliberately indifferent to serious medical needs, a plaintiff must allege both that the pain or deprivation was sufficiently serious, and that the defendant acted with a sufficiently culpable state of mind. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991).

The facts alleged in the amendment to Plaintiff's complaint are insufficient to state a claim for denial of medical treatment in violation of the Eighth Amendment.  "The prisoner's right is to medical care—not to the type or scope of medical care which he personally desires." *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968).  "[A] difference of opinion between an inmate and medical staff as to the need for or adequacy of treatment 'rise to the level of a constitutional violation.'" *Baker v. Simmons*, 65 F. App'x 231, 235 (10th Cir. 2003) (quoting *Johnson v. Stephan*, 6. F.3d 691, 692 (10th Cir. 1993)).  Therefore, the Court will dismiss Plaintiff's Eighth Amendment claim for denial of medical treatment.

Plaintiff names Defendants Howeeya [*see* Doc. 5] and Pole [*see* Doc. 14] in the caption of some of the documents that the Court has construed as amendments to the complaint.  [Docs. 5, 14]  However, Plaintiff fails to allege that either Defendant Howeeya or Defendant Pole had any personal involvement in the alleged constitutional violations.  The Court of Appeals for the Tenth Circuit has stated that to present a plausible right to relief in § 1983 cases, "it is particularly important . . . that the complaint

make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). Indeed, "[p]ersonal participation is an essential allegation in a § 1983 claim." *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (quoting *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976)). Because Plaintiff fails to allege that Defendants Howeeya and Pole had any personal involvement in the alleged constitutional violations, the claims against them will be dismissed.

Finally, Plaintiff has filed three motions for default judgment and two motions for a settlement conference, because he has "not received any word from Defendants." [Docs. 9, 10, 12, 13, 16] Although Plaintiff reports that he served several of the defendants with process, it is unclear whether Plaintiff's service of process complied with the requirements of Fed. R. Civ. P. 4. [1] [*See* Docs. 6, 12] Regardless, Plaintiff's civil rights complaint is governed by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, which provides, in relevant part, as follows:

> (g) Waiver of reply
>
> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

---

[1] Because it is unclear whether service of process complied with the requirements of Fed. R. Civ. P. 4, the Court will order the Clerk to issue notice and waiver of service forms, with copies of this Order and Plaintiff's complaint [Docs. 5, 8, 11, 14], to the remaining defendants.

>> (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

§ 1997e(g)(1)-(2). Thus, "defendants can waive their right to reply to a prisoner complaint without the usual consequence of being deemed to have admitted the allegations in the complaint." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Under the plain language of § 1997e(g)(1), "[n]o relief shall be granted to the plaintiff unless an answer has been filed." § 1997e(g)(1). Therefore, Plaintiff's motions for default judgment [Docs. 9, 10, 12] and motions for a settlement conference [Docs. 13, 16] will be denied.

IT IS THEREFORE ORDERED that Claim I of Plaintiff's complaint is DISMISSED;

IT IS FURTHER ORDERED that Claim II of Plaintiff's complaint is DISMISSED to the extent that it alleges a violation of Plaintiff's Sixth Amendment right to counsel;

IT IS FURTHER ORDERED that Plaintiff's verbal harassment claims against Defendants Dixon and Trujillo are DISMISSED; and Defendants Dixon and Trujillo are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's Eighth Amendment claim for the denial of medical treatment is DISMISSED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Howeeya and Pole are DISMISSED; and Defendants Howeeya and Pole are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's motions for default judgment [Docs. 9, 10, 12] are DENIED;

IT IS FURTHER ORDERED that Plaintiffs motions for a settlement conference [Docs. 13, 16] are DENIED;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of services forms, with copies of this Order and the complaint [Docs. 5, 8, 11, 14], for Defendants Jaramillo, Dodds, Mayers, and Gonzales.

_____
UNITED STATES DISTRICT JUDGE